JOHN SCHRODER v. DANIEL W. MOREHOUSE AND THEO-
DORE FAIRFIELD.

*Assault—Levy on exempt property—Liability of creditor.*

Plaintiff recovered a judgment against the defendants for an assault
and battery committed by defendant Fairfield on plaintiff's
wife while she was resisting him in the removal of certain
exempt property, which he claimed to have seized under a.
writ of attachment in favor of his co-defendant and against
the plaintiff, but had not removed from plaintiff's premises.
And it is held that the question whether such attempted
removal of the property was made under the direction of defend-
ant Morehouse should, under the testimony, have been submit-
ted to the jury.

Error to Shiawassee. (Gartner, J., presiding.) Argued
June 22, 1892. Decided July 28, 1892.

Case. Defendant Morehouse brings error. Reversed.
The facts are stated in the opinion.

*High & Walbridge,* for appellants.

*S. F. Smith (Odell Chapman,* of counsel), for plaintiff.

LONG, J. This is an action on the case for assault
and battery committed upon the plaintiff's wife by
defendant Fairfield. On the trial plaintiff had verdict
and judgment against the defendants for $200. Defend-
ant Morehouse alone brings error.

It appears that Morehouse sued out a writ of attach-
ment before a justice of the peace against the plaintiff.
The writ was issued October 14, 1889, and put into the
hands of Fairfield, who was a constable, for service, with
instructions to levy upon the plaintiff's hogs, hay, straw,
wheat, and oats. Morehouse directed him to serve the

writ, and leave the property on the place. The officer acted upon this, serving the writ on the day it was issued, but left the property in the plaintiff's possession. The levy was indorsed by the officer on the writ, and on the 21st day of October—the day before the writ was made returnable—he returned to the plaintiff's place, and forcibly took away two pigs levied upon. Plaintiff and his wife resisted the taking of the pigs upon the writ, claiming them to be exempt property; that they were the only pigs he owned. Plaintiff's wife was injured by Fairfield while she was resisting the taking of the property away. It was not contended upon the trial, and it is not contended here, but that the plaintiff's wife was injured, and that Fairfield, the officer, should be held responsible for the injury, as the property was exempt; and there is no dispute upon this record but that the writ of attachment was invalid by reason of defective affidavit, if any affidavit in fact ever was made in the case before the writ issued. The only defense sought to be made was that Morehouse was not responsible for the assault.

The errors complained of arise under the charge of the court, and the refusal of the court to give certain requests of the defendants in the charge to the jury. The court charged the jury:

"The assault being admitted, if an injury resulted to the plaintiff by reason thereof, he is entitled to recover actual damages, viz., damages resulting from such injury, if you so find, and for this both the defendants are liable; as I have said, Fairfield acted under the direction of Morehouse."

It is this part of the charge of which defendant Morehouse complains. His counsel had asked the court to charge the jury in his second request as follows:

"If you find from the evidence in the case that the officer, Fairfield, made an assault on the 21st day of October, 1889, in attempting to get the pigs mentioned in plaintiff's declaration, without the instruction of Morehouse so to do, but that he went after said pigs on his own motion, because he had learned that the plaintiff had moved them off from the Morehouse farm, then your verdict must be not guilty as to the defendant Morehouse."

The court was in error in refusing this request, and also in its direction to the jury in that portion of the charge above quoted. Counsel for plaintiff contend that there was proof in the case showing that the defendant Morehouse directed the officer to go there on that day (October 21) and get the pigs, and that having so directed the officer, knowing that the property was exempt and that the writ was defective, Morehouse was therefore liable for all of the acts of Fairfield, and for the assault made upon plaintiff's wife. The testimony upon this question is a claimed admission upon the part of Morehouse that he so directed. Mr. S. F. Smith, an attorney, gave the testimony referred to. He testified that he had a conversation with Morehouse on October 22, 1889, in which he asked Morehouse:

"Q. Do you think it was right for you to go up there and take this man's pigs,—the last ones he had?
"A. He owed me.
"Q. You knew they were exempt; that they were all the pigs he had, didn't you?
"A. Yes.
"Q. Did you instruct Fairfield to go up there and take those two last pigs this man has got?
"A. Yes, I did; I told him to take the pigs, and I will have the Dutchman before I get through with it."

There is no other testimony in the case showing, or tending to show, that Morehouse saw the officer, except on the day the writ issued; and the contention is whether

this is conclusive that the direction given by Morehouse was given on the day the assault was committed,— whether the officer went in pursuance of the direction of Morehouse upon the second occasion, or on his own motion, and for which Morehouse was not responsible. The court below regarded the question as conclusive that the officer went upon the second occasion under Morehouse's direction, and that having gone under his instruction, and taken the property which he and Morehouse knew to be exempt, and the writ by which it was taken invalid, Morehouse should be held liable to the same extent for the assault as the officer. The evidence, however, is not conclusive that Morehouse directed the officer to go there upon the last occasion, and when the assault was committed. It was a question of fact, which should have been submitted to the jury to determine, whether defendant Morehouse was responsible for this last visit of the officer, and whether on that occasion Fairfield was acting under Morehouse's direction. The request to charge raised this issue, and should have been given. The court was in error in directing the jury that Fairfield upon that occasion acted under the direction of Morehouse. This is the only error we find in the record.

Judgment is reversed, with costs, and new trial ordered.

The other Justices concurred.